IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERITOX, LTD. and MARSHFIELD
CLINIC,

                Plaintiffs,                OPINION AND ORDER

   v.

                                                15-cv-31-wmc

MILLENNIUM HEALTH, LLC,

                Defendant.

---

Before the court is non-party Renee T. Bryan's motion to quash a deposition subpoena issued by plaintiff Ameritox, Ltd. (Dkt. #2.) Ameritox seeks to depose Bryan, a former employee of defendant Millennium Health, LLC, in preparation for a patent trial set to begin on April 13, 2015.[1] The court appreciates Ms. Bryan's legitimate concerns about being required to sit for a deposition for a third time to answer questions on subjects already explored at other depositions in a separate lawsuit between the parties, and will take such steps as are reasonable to reduce the further imposition of a third deposition. In the end, however, the court agrees with plaintiff that specific information sought in this deposition is necessary for Ameritox's prosecution of its infringement claim, most specifically, for its claim of willful infringement -- or, at least, Bryan has failed to demonstrate that any burden on her outweighs the value of her

---

[1] As required under Fed. R. Civ. P. 45(d)(3)(A), Bryan originally filed her motion to quash in the United States District Court for the Southern District of California, where her deposition was noticed to take place and under whose jurisdiction the subpoena issued. That court transferred the motion to this court as a separate civil action. *See* Fed. R. Civ. P. 45(f). While a separate case number was assigned to this motion to quash, it is related to *Ameritox v. Millennium Health*, No. 13-cv-832 (W.D. Wis. Filed June 23, 2011).

testimony -- and could not have been fully anticipated at previous depositions. Accordingly, the court will deny her motion to quash, but will order Ameritox to make every reasonable accommodation with respect to the date, time, location and length of the deposition to ease any burden on Ms. Bryan.

## BACKGROUND

In a subpoena dated November 24, 2014, Ameritox noticed Renee Bryan's deposition for December 16, 2014, at 9:00 a.m. at plaintiff's law firm's office in San Diego, California. (Dkt. #3-1.) Bryan served as Millennium Health's Vice President of Marketing & Strategic Planning until July 20, 2011, when she left Millennium's employment. She has had no involvement with either party since, except by being compelled to provide testimony in their ongoing disputes.

Specifically, Bryan sat for two depositions in another lawsuit between the same parties, concerning false advertising claims. First, Bryan was deposed by Ameritox on May 26, 2011, from approximately 9:00 a.m. to 3:00 p.m. Accounting for breaks, Ameritox represents that Bryan was on the record for approximately 4 hours and 42 minutes. This deposition occurred while Bryan was still employed by Millennium and before Millennium's launch of the alleged infringing product at issue in the present lawsuit.

Bryan was deposed a second time on November 9, 2011, also as part of the false advertising case. At the time of that deposition, Ameritox had filed the present patent lawsuit in the District of Maryland. That deposition, however, was purportedly limited

to Ameritox's "newest counterclaim [in the false advertising case] and to new information from after the date of her May deposition." (Pl.'s Opp'n, Ex. A (dkt. #14-1) p.2.) During the second day of testimony, Bryan was asked a number of questions about Millennium's new RADAR report, and specifically about advertising of the report and its positioning in the marketplace.

In this lawsuit, Millennium designated Bryan in January 2012 as one of four individuals with knowledge of the facts and circumstances surrounding the design and development of the RADAR report. (Declaration of Peter E. Gelhaar ("Gelhaar Decl."), Ex. H (dkt. #3-8) p.8.) In support of her argument that further deposition testimony would be cumulative, Bryan points to the recent depositions of two current Millennium employees also included on the list of four designated in the interrogatory responses, who testified at their deposition about the same subject matter as that proposed for Bryan's deposition. However, Ameritox responds that those individuals identified *Bryan* as the person most knowledgeable of various documents. (Pl.'s Opp'n (dkt. #14) 11-12.)

Finally, Bryan identifies a number of personal constraints, including (1) a demanding new job after months of unemployment; (2) the recent death of her father and new responsibilities to provide care for her mother; and (3) being the "on-call" person for a close relative dealing with a serious medical issue. (Declaration of Renee T. Bryan (dkt. #2) ¶¶ 9-13.)

3

OPINION

Federal Rule of Civil Procedure 45 governs subpoenas and provides a mechanism for moving to quash or modify a subpoena. Rule 45(d)(3)(A) sets forth four instances where a court *must* quash or modify a subpoena, including where it "subjects a person to undue burden." The rule also identifies two instances where a court *may* quash a subpoena, but neither applies to the present motion. Fed. R. Civ. P. 45(d)(3)(B).

Without minimizing the burdens identified by Bryan here, cases in which courts have found a testimonial subpoena imposed an undue burden typically involve much more significant impositions on the witness's time or obligations. *See, e.g., Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197-98 (11th Cir. 1991) (affirming district court's quashing of subpoena directed to CDC staff physician because doctor was needed "in dealing with a national health crisis"); *Jesuits of Missouri Province*, 175 F.R.D. 556, 559-60 (D. Kan. 1997) (quashing subpoena issues on three-days' notice commanding pregnant, non-party to appear 60 miles from home at 8:00 a.m.); *In re McCorhill Pub. Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) (quashing subpoena where deponent was in danger of suffering heart attack or life-threatening seizure). While the court readily accepts the personal stresses Bryan currently faces, both with respect to beginning a new job and needs of close family members, the court is unable to find those stresses, whether viewed separately or in combination, constitute an undue burden, requiring quashing of the deposition subpoena.

Still, the Seventh Circuit cautions that the "undue burden" standard -- at least in the context of document subpoenas -- is a balancing test, where the court must consider

4

whether the burden of compliance exceeds the benefit of the information sought. *See Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). This suggests that while it is Bryan's burden to put forth evidence of the burden on her, Ameritox must respond with evidence of a need that outweighs this burden. *See generally* 9 James Wm. Moore, *Moore's Federal Practice* § 45.32 (3d ed. 2014).

As already summarized above, Ameritox has demonstrated such a need in at least two respects: (1) other recent deponents in this case identified Bryan as the person most knowledgeable about certain documents that Ameritox plausibly indicates may be key to its willful infringement claim; and (2) the limitations on Bryan's prior deposition testimony to areas at issue in the false advertising claim (recognizing, of course, that the RADAR report was central to that deposition as well). Millennium and Ameritox both spend a significant amount of time pointing fingers at each other with respect to diligence in responding to document production, and specifically whether Millennium failed to produce timely documents which could have been addressed in one of Bryan's earlier depositions. The court need not wade through this dispute because the recent deposition testimony of others, as well as practical limitations and motivations with respect to Bryan's prior depositions, provide enough of a basis to find that the possible value of Bryan's testimony to Ameritox outweighs the admitted burden on Bryan and the argument that Ameritox dragged its feet in noticing Bryan's deposition.

While the court will deny Bryan's motion, Ameritox is ordered to make every reasonable accommodation in terms of location, day of the week and time to ease the burden on Bryan. Ameritox represents in its opposition that the deposition should take

no more than three hours. The court will hold Ameritox to that representation, limiting the deposition to three hours exclusive of any time spent on objecting or colloquies by counsel, all of which should be kept to a minimum. While the court expects Ameritox to accommodate Bryan's requests, discovery in this case is set to close on February 27, 2014, and therefore Bryan must make herself available sometime before that date (or shortly after that day by consensus of the parties, Bryan and their counsel). Finally, all counsel are admonished to act in complete good faith as to the scheduling and conduct of this deposition. If any party believes this is not occurring, the court will make itself available for an immediate oral hearing and will not hesitate to impose sanctions on any offending participant during or by motion after the conduct of the deposition.

ORDER

IT IS ORDERED that

1) non-party Renee R. Bryan's motion to quash deposition subpoena (dkt. #2) is DENIED; and

2) the clerk of court is directed to close this action;

3) if there are any further issues with respect to Bryan's deposition -- which the court does not anticipate -- the parties or Bryan may raise those concerns by motion in Case No. 13-cv-832.

Entered this 2nd day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge